UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON GUERRERO<br>Booking No. 1719376,<br><br>                         Plaintiff,<br><br>    vs.<br><br><br>KENNETH SO; DAN LEE TANDEN;<br>WHITNEY ANTRUM; DR. JEFRY,<br><br>                         Defendants. | Case No.: 3:20-cv-1346-CAB-LL<br><br>**ORDER: (1)   DISMISSING CIVIL ACTION PURSUANT TO 28 U.S.C. § 1915A(b)(1); AND (2) DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS MOOT** |

Jon Guerrero ("Plaintiff"), currently housed at Patton State Hospital in Patton, California and proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1).  Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) when he filed his Complaint but did file a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

**I.    Sua Sponte Screening Pursuant to 28 U.S.C. § 1915A(b)**

The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A, obligates the Court to review complaints filed by anyone "incarcerated or detained in any facility who is accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or

the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing" and regardless of whether the prisoner prepays filing fees or moves to proceed IFP. *See* 28 U.S.C. § 1915A(a), (c). Pursuant to this provision of the PLRA, the Court is required to review prisoner complaints which "seek[] redress from a governmental entity or officer or employee of a government entity," and to dismiss those, or any portion of those, which are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or which "seek monetary relief from a defendant who is immune." 28 U.S.C. § 1915A(b)(1)-(2); *Resnick v. Hayes*, 213 F.3d 443, 446-47 (9th Cir. 2000); *Hamilton v. Brown*, 630 F.3d 889, 892 n.3 (9th Cir. 2011). "The purpose of § 1915A is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

Plaintiff's Complaint is subject to sua sponte dismissal pursuant to 28 U.S.C. § 1915A(b)(1) because it is duplicative of another civil action he has filed in this Court. *See Guerrero v. San Diego Superior Court, et al.*, S.D. Cal. Civil Case No. 3:20-cv-01116-LAB-MSB ("*Guerrero I*"). A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan,* 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)).

In *Guerrero I*, Plaintiff also names Defendants Kenneth So, Dan Lee Tanden, and Whitney Antrum.  *See Guerrero I*, ECF No. 1 at 1.  In this previous action, Plaintiff claims, while not entirely coherent, that the Defendants are violating his constitutional rights in his ongoing state court criminal proceedings.  These are the same claims that he brings against the same Defendants in this matter.  In addition, while Plaintiff names an additional Defendant in this matter, Dr. Jefrey, the claims against him are identical to those found in *Guerrero I*.  In the matter before this Court, Plaintiff claims he is being involuntarily "overmedicated" by Dr. Jefrey while housed at Patton State Hospital.  *See*

Compl. at 2.  In *Guerrero I*, Plaintiff alleges, without specifically identifying the name of the Patton State Hospital medical staff, that they put him on "a lot of psychotropic medication." *Guerrero I*, ECF No. 1 at 5.

A prisoner's complaint is considered frivolous under 28 U.S.C. § 1915A(b)(1) if it "merely repeats pending or previously litigated claims." *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (construing former 28 U.S.C. § 1915(d)) (citations and internal quotations omitted). Because Plaintiff has already brought the same claims presented in the instant action against the same defendants in *Guerrero I*, the Court must dismiss this duplicative pursuant to 28 U.S.C. § 1915A(b)(1). *See Cato*, 70 F.3d at 1105 n.2; *Resnick*, 213 F.3d at 446 n.1; *see also Adams v. Cal. Dep't of Health Servs*., 487 F.3d 684, 688–89 (9th Cir. 2007) ("[I]n assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same."), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008).

**II.   Conclusion and Order**

Good cause appearing, **IT IS HEREBY ORDERED** that this civil action is **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915A(b)(1).

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Proceed *In Forma Pauperis* (ECF Doc. No. 2) is **DENIED** as moot and that this dismissal shall operate without prejudice.  The Clerk shall close the file.

**IT IS SO ORDERED**.

Dated:  July 30, 2020

_____
Hon. Cathy Ann Bencivengo
United States District Judge